UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ESTHER CANALES, individually and as
Mother and Natural Guardian of Infant
E.O.M.,

                                **MEMORANDUM & ORDER**
                                19-CV-0834(EK)(RLM)

               Plaintiffs,

         -against-

UNITED STATES OF AMERICA, et al.,

              Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

       After the close of discovery in this medical malpractice case, Plaintiff Esther Canales, on behalf of herself and the minor E.O.M., moved for leave to "supplement" the discovery record with certain additional expert reports. Magistrate Judge Roanne Mann granted Plaintiffs' motion in part and denied it in part; Plaintiffs appealed. For the reasons set forth below, I affirm Judge Mann's order.

## I.   Background

       Plaintiffs sued the United States in 2019 under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, and NYU Langone Hospital and various physicians under New York State law. Magistrate Judge James Orenstein, who was previously assigned to this case, set a February 7, 2020 deadline to complete all discovery. *See* ECF No. 25 (scheduling order dated

August 6, 2019).  Judge Orenstein extended that deadline four times, ultimately directing that discovery conclude by October 7, 2020.  *See* ECF Nos. 27, 32, 34, 36.  On October 16, 2020, Judge Orenstein certified that discovery had closed and that the case was ready for trial.  ECF No. 39.

More than three months later, Plaintiffs filed a letter-motion seeking leave to serve what they characterized as "supplemental expert reports" from two physicians, Drs. Richard Luciani and Daniel Adler.  ECF No. 46.  Plaintiffs represented that Dr. Luciani would opine that the Defendants' "attempted vacuum delivery at plus 1 station" was "negligent and clearly increased the risk of intracranial fetal damage."  ECF No. 49-1 at 8.[1]  Dr. Adler would provide an update on changes in E.O.M.'s condition since his last report, and also opine that E.O.M.'s injury occurred at the time of his birth and in connection with the delivery.  *Id.* at 37-38.

Defendants did not oppose the submission of Dr. Adler's update on the child's condition.  They opposed the remainder of the request, however, on the basis that the proffered reports were not "supplements" at all; instead, because they raised new theories that should have been presented

---

[1] Page numbers in citations to record documents refer to ECF pagination.

during the period authorized for expert discovery. *See* ECF No. 48 at 2.

Judge Mann permitted Plaintiffs to supplement Dr. Adler's report to update the description of E.O.M.'s condition, but denied the remainder of the request for leave. ECF No. 60. Among other things, she concluded that the Plaintiffs' request would result in unfair surprise. *Id.* at 6.

## II.  Legal Standard

I review Judge Mann's order for clear error. *See* Fed. R. Civ. P. 72(a) (on a "pretrial matter not dispositive of a party's claim or defense," a "district judge must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law"); *see also Adrian v. New York City Transit Auth.*, No. 96-CV-6204, 1997 WL 1068713, at *2 (E.D.N.Y. June 13, 1997) ("Matters concerning discovery . . . are generally considered nondispositive within the meaning of Rule 72(a)."). The question for this Court is whether Judge Mann "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure," *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation omitted), or rendered a decision that leaves this Court "with the definite and firm conviction that a mistake has been committed." *St. Vidas Inc. v. United States Liab. Ins. Co.*, No. 20-CV-3465, 2021

WL 4340950, at *3 (E.D.N.Y. Sept. 23, 2021) (quoting *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004)).

### III. Discussion

On appeal, Plaintiffs do not contest Judge Mann's conclusion that the "supplements" present new medical malpractice theories; instead, they assert that they should be allowed to introduce the theories because they are harmless under the circumstances.

Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, an expert witness must prepare a written report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them"; the expert witness must do so "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2). Where, as here, a party fails to make a necessary disclosure, they must either show "good cause" to modify the discovery schedule, Fed. R. Civ. P. 16(b)(4), or that the initial timely disclose was "substantially justified" or "harmless" under the circumstances. Fed. R. Civ. P. 37(c)(1); *Gotlin v. Lederman*, No. 04-CV-3736, 2009 WL 2843380, *3 (E.D.N.Y. Sept. 1, 2009). "The purpose of [Rule 37(c)] is to prevent the practice of

sandbagging an adversary with new evidence." *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) (cleaned up).

Judge Mann correctly determined that Plaintiffs did not show good cause for reopening discovery, and Plaintiffs do not now contest that determination.  As Judge Mann observed, each of the new reports presented new theories based on information that was available before the close of discovery. *See* ECF No. 60 at 6, 13.  This precludes a finding of good cause.  *E.g.*, *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52-53 (S.D.N.Y. 2020).

Judge Mann also concluded that Plaintiffs' delay was not harmless, as they sought to introduce "significant shifts in the theories offered" against Defendants.  ECF No. 60 at 12 (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 962 (2d Cir. 1997)).  Under Rule 37(c)(1), harmlessness means an "absence of prejudice to the defendant." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012).  The party that fails to make timely disclosure bears the burden of proving that such failure was substantially justified or harmless.  *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

Plaintiffs have not met their burden.  They argue that the supplements would be harmless because Defendants could still

5

depose the experts on these new theories.  This argument is without merit, as the Defendants would still be prejudiced by their inability to seek other discovery (absent the Court's reopening of discovery) — including documents — responsive to the experts' new theories.  Even if the Court were to reopen all discovery, Defendants would have to expend additional time and money gathering evidence and modifying their defense strategy. *See Ritchie Risk-Linked Strategies*, 280 F.R.D. at 160; *24/7 Recs., Inc. v. Sony Music Ent., Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008); *Roberts v. Ground Handling, Inc.*, No. 04-CV-4955, 2007 WL 2753862, at *5 (S.D.N.Y. Sept. 20, 2007).

## IV.  Conclusion

For the foregoing reasons, the April 22, 2021 discovery order is affirmed.


SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    December 8, 2021
          Brooklyn, New York